UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11306

RITCH DORCE

v.

CHAD F. WOLF, Acting Secretary, Department of Homeland Security

MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement

and

TODD LYONS, Acting Field Office Director, U.S. Immigration and Customs Enforcement Boston Field Office

MEMORANDUM & ORDER

December 10, 2020

ZOBEL, S.D.J.

Petitioner Ritch Dorce is a civil detainee held at Etowah County Detention Center ("Etowah" or "ECDC") in Gadsden, Alabama. He filed suit seeking injunctive and declaratory relief from defendants' decision to transfer him from Plymouth County Correctional Facility ("Plymouth" or "PCCF") to Etowah, in the midst of the COVID-19 pandemic. The matter is before me on his motion for a preliminary injunction directing defendants to return him to Massachusetts.[1] Docket # 7.

---

[1] Defendants filed a motion to dismiss (Docket # 21) arguing, inter alia, that this court lacks jurisdiction to review plaintiff's claims. This opinion addresses the jurisdictional issue. I postpone decision on the remaining arguments for a later date.

1

Defendants argue first that this Court lacks the authority to review petitioner's claim because section 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252, strips federal courts of jurisdiction to review a broad array of claims made by noncitizens regarding their immigration proceedings. Indeed, Congress endowed the Secretary of Homeland Security with unfettered discretion to make "substantive decisions" regarding "whether aliens can stay in the country." Kucana v. Holder, 558 U.S. 233, 247-48 (2010). However, plaintiff in this case does not challenge a discretionary decision concerning his eligibility for removal. He claims instead that the circumstances of his transfer violated his right to substantive due process under the Fifth Amendment. Section 1252(a)(2)(B) does not reach this type of collateral challenge. See Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 20 (1st Cir. 2007) (ruling that section 1252(a)(2)(B)(ii) did not bar review of a substantive due process claim that was independent of removal proceedings); see also Jennings v. Rodriguez, 138 S. Ct. 830, 840 (2018) (plurality opinion) (distinguishing challenges to the fact of detention from claims about inhumane conditions and ruling that ancillary challenges were not subject to the section 1252(b)(9) jurisdictional bar). To deny review of defendants' execution of the decision to transfer would foreclose a noncitizen's only means of enforcing his substantive due process rights. See Aguilar, 510 F.3d at 19.

On the merits, petitioner must demonstrate "(1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) a fit (or lack of friction) between the injunction and the public interest." Nieves-Márquez v. Puerto Rico, 353 F.3d 108,

120 (1st Cir. 2003). To establish a likelihood of success on the merits, he must show that defendants' conduct was objectively unreasonable— that it was not rationally related to a legitimate government objective or that it was excessive in relation to that purpose. See Bell v. Wolfish, 441 U.S. 520, 538-39 (1979); see also Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). Based on exhibits A, B, C, and F attached to the complaint, petitioner is likely to succeed in establishing that the risk was "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." See Banks v. Booth, 459 F. Supp. 143, 153 (D.D.C. 2020) (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)). On March 13, 2020, the federal government declared a national emergency due to the novel coronavirus.[2] In response, the Centers for Disease Control urged the public to observe social distancing guidelines and limit nonessential travel. Nonetheless, between June 9 and June 10, 2020, petitioner made no fewer than four stops on the journey to ECDC. He was forced to comingle with detainees from other facilities on the aircraft and during the overnight stay at the LaSalle ICE Processing Center (LaSalle). He alleges that he had no opportunity to social distance or to disinfect his surroundings despite foul sanitary conditions at LaSalle and on the eight-hour van ride to Etowah. He explains that it was "impossible to avoid coming into contact with other people's bodily fluids in the van's bathroom because they were shackled so tightly." Compl., Ex. A at ¶ 4e. These circumstances substantially increased petitioner's risk of COVID-19 exposure. By ICE's own admission, transfer "creates a greater risk of detainees being exposed to, or exposing others to, COVID-19." Compl., Ex. C at ¶ 4. Petitioner points to news reports finding that transfer of ICE

---

[2] Coronavirus Briefing: What Happened Today, NYTIMES (Mar. 13, 2020), https://www.nytimes.com/2020/03/13/us/coronavirus-today.html.

3

COVID-19 at detention centers throughout the country.[3] He is thus likely to succeed in proving that defendants' actions were objectively unreasonable because defendants knew or should have known that the transfer posed an excessive risk to his health.

On the non-merits preliminary injunction factors, I conclude that petitioner has established irreparable harm. See C.G.B. v. Wolf, 464 F. Supp. 3d 174, 217 (D.D.C. 2020) (quoting Elrod v. Burns, 427 U.S. 347, 373) ("[T]he deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"). In addition, the public interest[4] weighs in favor of allowing injunctive relief because it is "always in the public interest to prevent the violation of a party's constitutional rights." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (internal citations omitted).

I.   **Conclusion**

ICE has the authority to transfer detainees, but it does not have the power to endanger them. Petitioner is likely to prove that defendants knowingly exposed him to an increased risk of contracting COVID-19 when they transferred him out of PCCF. He is entitled to relief. The parties shall confer and jointly or separately advise the Court of the terms of resolution by December 21, 2020. If necessary, the Court will schedule a hearing to consider the parties' submissions.

December 10, 2020
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[3] See, e.g., Fernie Ortiz, Ongoing Transfer of ICE Detainees Leading to COVID-19 Outbreaks, BORDERREPORT (June 1, 2020), https://www.borderreport.com/health/coronavirus/report-ongoing-transfer-of-ice-detainees-leading-to-covid-19-outbreaks/; Hamed Aleaziz, ICE Moved Dozens of Detainees Across the Country During the Coronavirus Pandemic. Now Many Have COVID-19, BUZZFEED NEWS (Apr. 29, 2020), https://www.buzzfeednews.com/article/hamedaleaziz/ice-immigrant-transfer-jail-coronavirus.

[4] The balance of the equities and the public interest factors "merge when the Government is the party opposing the preliminary injunction." See Nken v. Holder, 556 U.S. 418, 435 (2009).